CHARLES L. BROOKE, as Receiver of the Property of WILLIAM C. ROGERS, a Judgment Debtor, Plaintiff, *v.* THE TRADESMEN'S NATIONAL BANK, Defendant.

*Motion for a new trial on exceptions ordered to be heard at the General Term — case or bill of exceptions necessary.*

To entitle a motion for a new trial, upon exceptions ordered to be heard in the first instance at General Term, to be entertained by the General Term, the papers must contain a case or bill of exceptions, made or settled, containing the proceedings upon the trial, and the absence of such case or bill of exceptions cannot be supplied by recitals contained in the order sending the case to the General Term.

MOTION by the plaintiff, Charles L. Brooke, as receiver of the property of William C. Rogers, a judgment debtor, for a new trial upon exceptions ordered to be heard in the first instance at the General Term, by an order made on the dismissal of the complaint at the New York Circuit, and entered in the office of the clerk of the city and county of New York on the 16th day of January, 1893.

The papers before the General Term were entitled, "Bill of Exceptions," and consisted of the statements required by Rule 41, the complaint, bill of particulars, answer, clerk's certificate of the trial by the court and jury at Circuit, and the dismissal of the complaint, the order directing the exceptions to be heard in the first instance at the General Term, and notice of entry of the order, various stipulations and consents of the respective attorneys, and the following order :

" Upon reading and filing the annexed consent, and upon motion of Leavitt & Leavitt, plaintiff's attorneys, it is hereby

" Ordered, that the foregoing bill of exceptions be, and the same is, hereby settled as the bill of exceptions ordered to be heard herein in the first instance, and that the said bill of exceptions be duly filed.

" Dated New York, _January_ 27, 1893.

" MILES BEACH,
" Ent.            _J. S. C.?_"

The order directing the exceptions to be heard at the General Term is as follows :

" This action having duly come on for trial in its regular order upon the calendar of this court at Circuit, Part II, before Hon. Miles Beach and a jury on January 5, 1893, and the defendant, at the commencement of the trial, having moved to dismiss the plaintiff's complaint, and the said motion having been duly heard by said justice, and the said justice having thereupon dismissed said complaint, to which dismissal the plaintiff thereupon duly excepted, and thereupon duly made a motion for a new trial, which was denied by said justice, to the denial of which motion for a new trial the plain. tiff likewise duly excepted, and the said justice having thereupon directed that an order be entered that the exceptions so taken be heard, in the first instance, at the General Term of this court, and that judgment meanwhile be suspended :

" Now, upon motion of Messrs. Leavitt & Leavitt, plaintiff's attorneys, it is hereby

" Ordered, that the said exceptions be and the same are hereby directed to be heard, in the first instance, at the General Term of this court, and that meanwhile judgment be and the same is hereby suspended."

_E. R. Leavitt_, for the plaintiff.

_C. E. Rushmore_, for the defendant.

Per Curiam :

Upon an examination of the papers submitted upon this appeal, it is found that no case or bill of exceptions has been made or settled containing the proceedings upon the trial.    All that the papers contain are the pleadings, a copy of the clerk's minutes and an order directing the exceptions to be heard in the first instance at the General Term.

It is true that the order contains certain recitals; but they are not in the form of a case or bill of exceptions which it is necessary should be made in order to bring up the proceedings upon the trial upon this motion for a new trial.

There is no appeal from this order, but a motion for a new trial, because of exceptions taken upon the trial; and the proceedings upon the trial are not set out in a case or bill of exceptions as required by the Code.

The case should, therefore, be stricken from the calendar in order that the parties may have the proper papers prepared.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Case ordered stricken from calendar, so that the parties may have the papers prepared.